UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MATT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 50073 |
| | ) | |
| CITY OF ROCKFORD, a municipal corporation, | ) ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

NOW COMES the Defendant, CITY OF ROCKFORD, a municipal corporation, by and through its' attorneys, City of Rockford Department of Law, Patrick W. Hayes, Legal Director, and Angela L. Hammer, Assistant City Attorney, and in support of its' Motion to Dismiss pursuant to Rule 12(b)(6) states as follows:

1. Plaintiff's Amended Complaint alleges the City of Rockford, acting by and through Chet Epperson confiscated from the Plaintiff a firearm owned by the Plaintiff. Plaintiff's Amended Complaint, paragraph 4.

2. Plaintiff alleges Chet Epperson, at all times relevant hereto, was a policy maker of the City of Rockford, acting within his official capacity. Plaintiff's Amended Complaint, paragraph 3.

3. Plaintiff alleges that Defendant's seizure of the Plaintiff's firearm occurred under color of law or custom. Plaintiff's Amended Complaint, paragraph 5.

4. Plaintiff's Amended Complaint alleges the seizure of the Plaintiff's firearm subjected the Plaintiff to a deprivation of his right to be free from unreasonable seizure of his property as secured by the Fourth Amendment to the U.S. Constitution, paragraph 6.

5.    Plaintiff alleges the deprivation of property, together with the concomitant humiliation suffered by the Plaintiff in connection with the violation are compensable pursuant to the statute contained in 42 U.S.C. §1983.  Plaintiff's First Amended Complaint, paragraph 7.

6.    Plaintiff's Amended Complaint seeks damages and attorney's fees.  Plaintiff's First Amended Complaint, paragraphs 7, 8.

Policymaker Authority

7.    Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents.  *Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992).

8.    A local government entity will be responsible for the unconstitutional actions of its employees only if those actions were taken pursuant to official policy or custom.  *See Jett v. Dallas Independent School District*, 491 U.S. 701, 735-36 (1989).

9.    The Supreme Court has held that "municipal liability under §1983 may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986).

10.   Furthermore, the Supreme Court stated:

> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official – even a policymaker official – has - discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion… The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.

*Pembaur*, 475 U.S. at 481-83.

11.   Whether a particular official has final policymaking authority is a question of state law. *St. Louis v. Praprrotnik*, 485 U.S. 112, 123 (1988).

12.     The discretion to make final decisions to carry out the policies of a local law enforcement entity does not equate to policymaking authority. *Eversole v. Steele,* 59 F.3d 810, 716 (7th Cir. 1995).

13.     City of Rockford Ordinance Section 2-315 states:

> The board of fire and police commissioners shall have charge of examinations for membership in the fire and police departments and for promotion within the departments with the exception of deputy chiefs and assistant deputy chiefs of the police department and division chief of the fire department, who shall be promoted by their respective chiefs. The board may take such disciplinary action as is provided in section 2-319. They shall also perform such other duties and functions in accordance with the provisions contained in this article and Illinois Revised Statutes, Chapter 24, Section 10-2.1

14.     The Board of Fire and Police Commissioners are granted authority to take disciplinary action as provided in section 2-319. No such powers are enumerated for the Chief of Police of the Rockford Police Department.

15.     Therefore, Chet Epperson did not have final policymaking authority within the meaning of *Monell.* *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).

## *De Minimis Non Curat Lex*

16.     The *de minimis non curat lex* (the law doesn't concern itself with trifles) doctrine is applicable to constitutional as to other cases. *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *United States v. Broomfield*, 417 F.3d 654, 656 (7th Cir. 2005).

17.     The maxim de minimis non curat lex retains force even in constitutional cases, even in civil rights cases. *Hessel v. O'Hearn*, 977 F.2d 299, 303-4 (7th Cir. 1992).

18. Its particular function is to place outside the scope of legal relief the sorts of intangible injuries normally small and invariably difficult to measure that must be accepted as the price of living in society rather than made a federal case out of. *Id.* at 304.

19. The injury that results when a person is temporarily deprived of his right to wear a uniform and a badge, to carry a gun, to arrest people, and to carry out other functions of a police officer or other public officer is of this character. *Altman v. Hurst, supra*, 734 F.2d at 1242 n. 3; *Lyznicki v. Board of Eduction*, 707 F.2d 949, 951 (7th Cir. 1983).

20. In *Swick v. City of Chicago*, the Plaintiff brought a due process claim against the City of Chicago based upon Plaintiff's placement on involuntary sick leave. 11 F.3d 85 (7th Cir. 1993).

21. The Seventh Circuit affirmed the dismissal of Plaintiff's case and held that police officer did not have property interest in purely dignitary or otherwise nonpecuniary dimensions of employment. *Swick v. City of Chicago*, 11 F.3d 85 (7th Cir. 1993).

22. The Seventh Circuit stated:

> It is a real injury, but normally small and invariably difficult to monetize by the clumsy process of litigation. The constitutionalization of public employment is controversial even when limited to protecting the economic dimensions of employment. It should not be extended beyond harms having measurable economic value, harms that may include however a loss of pecuniary benefits not limited to wages or other compensation.

23. The minimal deprivation of property alleged by the Plaintiff is not sufficient to sustain a cause of action for a Fourth Amendment violation.

<u>Attorney's Fees Not Appropriate</u>

24. Given the minimal deprivation of property alleged by the Plaintiff, attorney's fees are not appropriate.

25. The Supreme Court stated the "technical nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under §1988. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

26. The Supreme Court stated:

> In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury… When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.

*Id.* at 112.

<u>Failure to Exhaust Adequate State Remedies</u>

27. Where state law remedies exist, plaintiffs must either avail themselves of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate. *Daniels v. Williams*, 474 U.S. 327, 339-40, (1986).

28. The Plaintiff could have brought this claim under a theory of conversion.

29. The Supreme Court has held that because the plaintiffs might be able to recover more damages and/or attorney's fees in a Section 1983 action than in a tort action does not render the tort action an inadequate post-deprivation remedy. See *Hudson v. Palmer*, 468 U.S. 517, 535 (1984).

30. Therefore, Illinois law would have provided the Plaintiffs with an adequate post-deprivation remedy, and dismissal is appropriate on Plaintiff's Amended Complaint.

WHEREFORE, the Defendant respectfully requests this Court grant its' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: July 28, 2008                City of Rockford Department of Law


                                    By:___/s/ Angela L. Hammer_____
                                           Assistant City Attorney




CITY OF ROCKFORD DEPARTMENT OF LAW

425 E. State Street

Rockford, Illinois  61104

(815) 987-5540